JUSTICE WHEAT
Concurs.
¶79 I concur in the Court’s Opinion. I write separately to address four points.
¶80 First, while I recognize that the Department is not required by law to share information and coordinate with the FWP, in this case, it would have been appropriate and beneficial for the Department to do so. This is especially true because the State generally and FWP specifically had as much to gain from the change in water use as Hohenlohes. Hohenlohes received a grant from the FWP to convert 150 acres of their land from flood irrigation to sprinkler irrigation. Opinion, ¶ 5. This change resulted in significant water savings, all of which was used to increase instream flows and improve aquatic habitat. Id.
¶81 In my mind, when multiple state agencies are involved, the better course of action is for each agency to work with the other agencies that *461 are involved to reach a result in the most efficient manner, using the most complete dataset available. This approach is bolstered by well-established public policy in Montana. It is the public policy of the State “to promote the conservation, development, and beneficial use of the state’s water resources to secure maximum economic and social prosperity for its citizens.” Section 85-1-101(2), MCA. The State “shall coordinate the development and use of the water resources of the state so as to effect full utilization, conservation, and protection of its water resources.” Section 85-1-101(3), MCA.
¶82 With these mandates in mind, it would have benefitted all stakeholders-i.e. Hohenlohes, the Department, the FWP, and the general public-for the Department and the FWP to have communicated and shared information concerning Hohenlohes’ change of use application. I hope that State agencies will find a way to coordinate their efforts in future cases like this so that all interested parties are involved in the process.
¶83 Second, I recognize that the law imposes on Hohenlohes an affirmative duty to prove the beneficial nature of their claimed historic use. Opinion, ¶ 43 (citing In Re Adjudication of Existing Rights to the Use of All Water, ¶ 56). Regardless of that duty, however, I observe that the Department went to great lengths to gather its own facts to evaluate Hohenlohes’ application. The Department sent Jim Beck, a field engineer, to conduct an on-site investigation and generate calculations as to historic use. Opinion, ¶ 9. The Department went so far as to expend its limited resources to gather information that would expand its understanding of the issues posed by Hohenlohes’ application.
¶84 Once the Department took that step, the Department should have shared that information with Hohenlohes and supplemented the record accordingly. In fact, in my opinion, the Department was obligated to supplement the record with the information it had developed. Instead, the Department denied Hohenlohes’ application for failure to meet their burden to prove lack of adverse effect, the extent of historic use, and historic consumption — all while the Department itself had data that it could have contributed to the record. The Department’s actions with respect to this issue disregard the public policy mandate that the State “shall coordinate the development and use of the water resources of the state so as to effect full utilization, conservation, and protection of its water resources.” Section 85-1-101(3), MCA. The Department’s adversarial approach does not further the goal that all water resources of the State be put to optimum *462 beneficial use.
¶85 Third, I recognize that under then-existing law, the Department was not required to appoint a new hearing examiner. Opinion, ¶ 76. That being said, the Department’s obstinate approach to this issue lacks common sense and courtesy. It gives the impression that the Department did anything it could to avoid giving Hohenlohes a fair shake. Once again, the Department’s actions paint it as an adversary that is not interested in effecting full utilization, conservation, and protection of Montana’s water resources. The Department’s obstinance in this case was both unfortunate and unnecessary.
¶86 Fourth, I agree with the Court’s characterization of the Department’s approach to Hohenlohes’ application as “dilatory.” Opinion, ¶ 74. In addition, I observe that the Department’s delay and adversarial attitude forced Hohenlohes to bear a heavy burden. Most applicants in Montana would not have been able to afford to see this process through to the bitter end. I recognize that the Department is underfunded-as nearly every State agency is during hard (and even good) economic times-but the Department’s drawn-out process will prevent all but the most fortunate and persistent from pursuing and litigating change of use applications. I urge the Department to reconsider its approach so that all Montanans may pursue optimum beneficial use of water resources.
¶87 I concur.
JUSTICE NELSON joins in the foregoing concurrence.